

# THE ATTORNEY GENERAL
## OF TEXAS

April 30, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Hugh Parmer
Chairman
Committee on Intergovernmental
   Relations
Texas State Senate
P. O. Box 12068
Austin, Texas  78711

Opinion No. JM-686

Re: Whether the mayor or city manager of a home-rule city is authorized to appoint and remove a public housing authority commissioner

Dear Senator Parmer:

As chairman of the Senate Committee on Intergovernmental Relations, you ask about a situation that has arisen in the city of San Benito which prompts the following question:

> With regard to a home rule city which has adopted a charter making the city manager chief executive and administrative head of a city, does the city manager or does the mayor have the power to appoint and remove public housing authority commissioners governed by article 1269k of Vernon's Annotated Texas Statutes?

Section 5 of article 1269k, V.T.C.S., provides that the mayor shall appoint the commissioners of the housing authority and section 7 thereof provides that, "[f]or inefficiency or neglect of duty or misconduct in office, a commissioner of an authority may be removed by the mayor. . . ."

Section 3(d) of article 1269k defines "mayor" as follows:

> 'Mayor' shall mean the mayor of the city or the officer thereof charged with the duties customarily imposed on the mayor or executive head of the city.

You have furnished us with relevant portions of the city charter of San Benito. We find the following pertinent to the issue you present.

> Article II.  City Government

Section 1

The Mayor shall be the executive officer of the City and shall have direct charge of the Police, Sanitary and Fire Departments of the City, and general supervision over all departments, and officers of the City, provided that a City Manager may be appointed as provided in Article XXV of the Charter of the City of San Benito. . . .

. . . .

Article XXV.   City Manager

Section 1.   Appointment

At such time after the taking effect of this charter as the city commission shall see fit to do so, it may appoint a city manager, who shall be the administrative head of the municipal government and shall be responsible for the efficient administration of all departments.

Section 2.   Duties

The city manager shall see that the laws and ordinances of the city are enforced. He shall appoint all appointive officers, except city attorney, and employees of the city, with advice and consent of the city commission, such appointments to be made upon merit and fitness alone and he may at will remove any officers or appointees appointed by him. He shall exercise control and supervision over all departments and offices that may be created by the city commission, and all officers and appointees appointed by him. . . . (Emphasis added).

The information you furnish us reflects "The San Benito commission has elected to appoint a city manager and has operated the city for many years with a city manager as the executive head of the city."

The city manager of San Benito is designated "as the administrative head of the municipal government" in section 1 of article XXV of the city charter. Section 2 of article XXV imposes upon the city manager such duties as appointing all appointive officers and employees except the city attorney, with advice and consent of the city commissioners. The city manager is vested with the

responsibility of seeing that the laws and ordinances are enforced and the duty of exercising control and supervision over all departments and officers. In addition, the charter gives the city manager the authority to remove, at will, any persons appointed by him.

Section 3(d) of article 1269k, V.T.C.S., defines mayor as "the mayor of the city <u>or the officer thereof charged with the duties customarily imposed on the mayor or executive head of the city</u>." (Emphasis added).

The powers and duties of a mayor depend on the statutes and the city charter and on the ordinances enacted pursuant to them. 52 Tex. Jur.3d <u>Municipalities</u> §196 (1987). The mayor of a city has the power of supervision over every department of the city government. <u>City of San Antonio v. Robert Thompson & Co., Inc.</u>, 30 S.W.2d 339 (Tex. Civ. App. – San Antonio 1930), <u>dismissed as moot</u>, 44 S.W.2d 972 (Tex. Comm'n App. 1932).

It is our opinion that the charter of San Benito charges the city manager with "the duties customarily imposed on the mayor or executive head of the city" so as to bring the city manager within the definition of mayor as that term is defined in section 3(d) of article 1269k. We note that the city charter provides that appointments by the city manager are to be made with the "advice and consent of the city commission."

### SUMMARY

The city manager of the city of San Benito is the official with the authority to appoint public housing authority commissioners governed by article 1269k, V.T.C.S. The city manager may remove public housing authority commissioners for reasons stated in section 7 of article 1269k.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General